141855 CMG Financial Services v. Pacific Trust Bank. Good morning. Good morning. Good morning. I'm Alan Lutovsky on behalf of ATALA. The district court decision must be reversed or amended because the decision was made in an evidence-free and procedurally erroneous manner. Why is the decision below evidence-free? The Alice analysis, as the Supreme Court teaches us, must be based on evidence in the record rather than perceived in an evidentiary vacuum. Here, the district court has largely ignored the record evidence, and specifically a detailed declaration of the appellant's expert witness. No evidence on why any of the formulations of the abstract idea constitutes a fundamental economic practice. At the same time, the decision below was procedurally erroneous.  Good morning. May it please the Court. I first wanted to start by addressing a couple of the points that were raised in the argument thus far. First, with respect to whether or not evidence is required. That is certainly not the case. This Court has ruled in several of these cases at the motion-to-dismiss stage, finding that the claims in the patent set issue were drawn to abstract ideas and that the patents were invalid, and affirming the order on the motion to dismiss entered by the District Court. That included the earlier cases of ultra-martial and content extraction, and it also includes two of the cases most recently handed down by this Court within the last few months, including OIP Technologies and Internet Patents Corporation. Do you agree, though, that there can be times where going to a motion to dismiss is just too premature, and that there does need to be some fact development in some circumstances? Maybe not here, but are you proposing that everything can be done on 101 at a motion-to-dismiss stage? I am not proposing that. I recognize that the Supreme Court has called the 101 issue a threshold issue, and that the Court has found that it is capable, at least in certain circumstances, of being resolved at the motion-to-dismiss stage. I don't believe that this case presents the situation where evidence is necessary in order to evaluate the question, but I am not arguing now for a rule that it could always be addressed at the motion-to-dismiss stage. I would also just quickly like to call the Court's attention to four decisions issued by this Court since the briefing in this case closed that all address the question of patentability under Section 101. Those cases are OIP Technologies, 788 F-3rd 1359, Internet Patents Corporation, 790 F-3rd 1343, Intellectual Ventures I LLC, 792 F-3rd 1363, and Versada Development Group, 793 F-3rd 1306. In each of those four cases, this Court reviewed the claims and determined that they were drawn to an abstract idea and that the claim limitations did not save them. Let's qualify your statement. In each of those cases, the Court reviewed the broadest claims because generally the patentee needed the broadest claims in order to achieve the enforcement that was denied. One of the unresolved areas is at which stage one gets to the point at which the abstraction becomes concrete, and certainly that was recognized by the Supreme Court as well in putting us on this path. And it may very well be that that's an issue in this case, but I think we can't generalize as you would. Thank you. And absolutely it is the case that those cases looked at the individual claim, the broadest claims, and determined whether or not those claims were, whether any of the other claims at issue offered something more concrete that they should be distinguished and evaluated separately. Okay, why don't we talk about our claims in this case? And as formulated by Judge Chen about, you know, it's as old as old can be that you decrease the interest by paying off the loan, but your friend says this is obviously way, what he claimed here is way beyond that basic concept. Why is he wrong about that? The question here I think stems around the other issue that was raised earlier, which is does it have to be conventional, fundamental idea of ancient lineage, or does any idea suffice? And it was agreed that any idea suffice. This, of course, stems from the longstanding rule that you can't have a patent in an idea. And here the formulation of this abstract idea reflects what was done here was someone had an idea to join a traditional checking account with a line of credit mortgage account. In order to accomplish this, potentially accomplish this savings, there was nothing inventive, there was nothing that was new that was created, there was nothing concrete about the abstract idea of connecting these two. And what then was done and what's reflected in both the system claim, claim one, independent claim one, and 1311, and the method claim and claim three are simply individual steps that demonstrate the combination of those two traditional products. Again, nothing has been created. A lot is made... Hypothetically, it's a novel, maybe you don't want to call it an invention, but it's an innovation, it's new. Accepting, a lot of evidence has been put in as to how this is a new idea or how this has not been done before. And I would postulate that an idea is not patentable irrespective as to whether or not it's new. And this is no different, for example, in the Ariosa Diagnostics Inc. case that was 788... I think you're overstating again. We know that every invention starts with an idea. My idea is to increase gasoline mileage through improving the carburetor. Then you get to how it's done. We're told here that this is an idea never implemented. We could argue about that, but in any case, this is what we're told. This is a combination of steps never before performed, and along the way, as you go through the patents, we get to more and more details. Are you telling us that it doesn't matter even the most rigorous, strictest implementation of the idea is unpatentable because it's an idea to start with? Absolutely not, and I think picking up exactly on your example, the two-part test handed down in Mayo and confirmed in ours would say you start with what is the idea. And then from that idea, you determine whether or not anything in the claim limitation either taken individually or together as a whole, add that inventive concept. So, for example, in the example that you used, that you've come up with an idea to get better gas mileage in a car, that is an idea, and then the question would be, are the steps in the individual claim limitations that you applied, do they actually provide that inventive concept? If your patent was drawn to, if the claims of your patent read, have a car, increase the gas mileage, and improve the car by entering a system that increases the gas mileage, and thereby improve the car, then those claim limitations, I would postulate, would not advance the idea. And if you had something more, if there was something concrete in the implementation of that idea, then that abstract idea would become a patentable application. But that's what we're told has occurred here. And if you look at the claim elements in Claim 1, they simply recite a line of credit mortgage account and a checking account that are combined. They recite the trappings of a traditional checking account, including access through an ATM, including the ability to do online transactions, including the provision of writing checks. All of the things that are associated, as set forth in the specification, are associated with a traditional checking account, and combining that with a line of mortgage. Here, if this patent is allowed to stand, it would block anyone, everyone, from combining a checking account with a line of credit mortgage account. And that's simply an idea, however it is done. If that had been done before, then that would end their case. You're telling us that even if they have a brand new concept, a new idea that's never been performed before, and they teach how it's to be carried out, that that would prevent people from doing it in the future. Well, that's what the patent system does. And, Your Honor, what I would say is this case is no different from the cases in Internet Patents Corporation or OIP Technologies, where you were talking about a form, an internet form, that the data is lost if you use the forward or backward navigation buttons, and the idea, and it's new, and it's different, and it hasn't been done before, the idea is to develop a system to keep that data even when you use the navigation buttons to move forward or backward. Now, that might be a new idea. That might be something that hasn't been done before, and we all might find it to be useful. But the question is simply whether the patent claims that say implement that have added something new, and in that case it was determined that they had not. Likewise, in the OIP Technologies case, the price optimization with the demand curve, it was a new idea to engage the internet to get feedback from customers in a more real-time way with respect to pricing. That was a new idea that hadn't been done before in that context. And so here what we're saying is even if you accept the evidence that's presented, that this is a new idea, this product had not been offered before, the fact of the matter is it's simply an idea. It's simply an idea to combine two things that doesn't present... I analyzed this case a bit differently, and I think the district court did too. He did find that there was... I think you can conclude that there's a basic economic principle at stake here, which is if you reduce the amount of money owed, whether you're talking about a loan or a mortgage, the interest rate gets lower. And so I think if you apply the appropriate analysis, you start with that, and that's your abstract idea. And then you look at, well, how have they dressed this up? Have they used non-routine, unconventional steps in their implementation? Seems to me that's a little different than the analytical framework you've given us here this morning. And I think, Your Honor, I think it works under either framework. Addressing the district court framework, I think at the time the district court fashioned the idea, none of the cases that we've been talking about this morning from this court had been handed down, and as was argued earlier, the court was looking for a conventional fundamental principle. That was the idea that the court believed it had to arrive at. We didn't have the benefit of the decisions like content extraction or the Internet Patents Court case to show that the idea could be a more specific idea. So I think that this analysis is right and that the idea, as was demonstrated, is simply to join accounts. However, even under the district court's analysis, with this broader idea of reducing interest, and if you reduce interest, you reduce the amount of money owed, that the trappings, the claim limitations as described, simply take a traditional line of credit account, join to a traditional check-in account, and have not added or changed anything about that abstract idea. It seems like this court and Supreme Court, a line of cases have been coming out that say methods of conducting financial transactions are abstract ideas, and all of those claims have gone down under Section 101. Is it your view that you can't get a patent at all on methods of conducting financial transactions? Or is there something out there that can truly be regarded as an application of that abstract idea? Your Honor, I will... Let's say, for example, some very complex, exotic, 40-step investment scheme that you're able to get a high yield on. No computer. Can you get... It's more precise than just the abstract idea of investing money to get a gain back. I would think, Your Honor, I'm not arguing that you would rule out any such type of patent. And I would think one of the issues that would be presented in such a case would be, is there a problem? Is there something that has impeded your ability to implement the idea that you overcome or solved? And going back to the example of the gas mileage, simply having the idea, maybe there was a specific modification to a catalytic converter. Once you have the idea, you still have to reduce it to practice. And here, in this context, it would be adding the limitations that demonstrate that you're not preempting the field. Thank you. I would like to address several points as raised by counsel. First, I would like to start with a proposition that the claims in our patent contain enough specificity to render them concrete. The implementations are concrete. Going to Judge Newman's question, there is much more here than the formulated abstract idea. As Judge Newman stated, that's the intent of the patent system. It is to protect such inventions. Could Claim 3, the method claim, be performed just by humans? Human implemented? A human implemented method of organizing activity? I can only state what I know based on the evidence. The evidence in the record shows clearly that it cannot be. And no one, to my knowledge in this room, is an expert. Setting up accounts and then transferring money, withdrawing money? There is much more to that, Judge, and I'd be happy to address element by element. Is any element one that hasn't been traditionally or a long-standing function that's performed as part of the banking or financial industry? Withdrawals, transfers of money? Is there anything that we haven't engaged in, in some way, shape, or form, for as long as we can remember? Chief Judge, let me answer that in a two-fold answer. First, I do not believe that's the correct inquiry we need to be making because a combination of well-known elements can be patentable and that's well established. The second answer to your question is that, yes, for example, there's no evidence that automatic sweeping of all funds in the checking account into the line of credit portion of the account has been done in the past, including the prior art that has been argued here from Australia and the United Kingdom. Those are very different accounts, and the transactions, according to Claim 3, go both ways from the checking account portion of the account into the line of credit and in the opposite direction if a transaction comes in that needs to be funded. And that, responding to your question, Chief Judge, has not been done. That's an example of a new element. Just to get back to my question, where's the technological instantiation of this invention in Method Claim 3? I'm sorry, Judge, where is the technological instantiation? Yeah, where is the, I guess, for lack of a better word, something concrete in Claim 3 that is something physical? Where do I know that there is some kind of sophisticated computer controlling this invention? Well, again, Judge, the question, according to the Supreme Court, is not whether or not there is a computer. In fact, the Supreme Court appears to state that the presence of the computer is not determinative. The implication is that the absence of it is not determinative either. That's fine. This is just one indicia of the overall 101 analysis. Absolutely. I guess, would you agree with me that you can read Claim 3 as being something that's human implemented, that there's no requirement that a computer is running a portion of it? No, I will not agree with that. Can you show me where? I'm sorry? Well, the claim needs to be written, viewed, and interpreted from the standpoint of a person skilled in art. And there's evidence in the record that shows that a person skilled in art with 36 years of consumer mortgage lending states that implementing this in a modern banking environment without a computer is impossible. It just cannot be done. I'm an attorney. And in fact, if the court looks carefully at the arguments or the briefs presented by the appellee, everything is an attorney argument. They present no evidence except for the patent itself. And that's not how the Supreme Court teaches us these issues need to be analyzed. If I may, I'd like to address the complaint. We're way beyond time. All right. Thank you so much. We thank both of you.